# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DORAN LAW OFFICE,

    Plaintiff,

    v.

STONEHOUSE RENTALS, INC.,

    Defendants.

Case No. 2:14-2046-JAR-KGG

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Doran Law Office's 1) Motion for Leave to File Plaintiff's Motion to Confirm Marshal's Sale, Renewed and as Modified Under Seal (Doc. 112) and 2) Motion for Court Order to File Plaintiff's Response and Memorandum in Opposition to Defendant's Motion for Attorneys' Fees Under Seal (Doc. 113). Plaintiff seeks leave to file under seal the entire response memorandum and motion to confirm sale, which includes a report to the Court and request for hearing, as well as three exhibits. In support of the motion to seal, Plaintiff states that the response memorandum, motion to confirm sale, and exhibits include material identified as "Confidential Information" pursuant to the Protective Order,[1] and thus should be sealed in their entirety.

Federal courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents."[2] The Court, however, does have "discretionary power to control and seal, if necessary, records and files in its possession."[3] "In exercising this discretion, [the court] weigh[s] the interests of the public, which are

---

[1] Doc. 80.

[2] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).

[3] *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980).

presumptively paramount, against those advanced by the parties."[4] "The Court should seal documents based only on articulable facts known to the Court, and not based on unsupported hypothesis or conjecture."[5]

The Court grants Plaintiff's motion to file under seal the proposed sealed Exhibits 1 and 2 to the motion to confirm sale that have been identified as relating to the Confidential Information. But the Court cannot grant the motion for leave to seal the entire motion, report, request for hearing, and Exhibit 3 or the memorandum in response to motion for attorney fees based solely on the fact that they reference the information identified as Confidential under the Protective Order. It appears that both the motion to confirm sale and response memorandum could be presented in redacted form to account for some references to Confidential Information. Indeed, the Protective Order provides the following guidance:

> **5. Filing of Confidential Information**. In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6.
> Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion.[6]

Only when redaction or in camera review is inadequate does the Protective Order provide for filing sealed documents, and only then, when the Court is able to perform the balancing test set forth above. If the parties agree that the motion and memorandum should be filed in redacted

---

[4]*Id.*; *see also United States v. Apperson*, Nos. 14–3069, 14–3070, 2016 WL 898885, at *6 (10th Cir. Mar. 9, 2016).

[5]*McCaffrey v. Mortg. Sources, Corp.*, No. 08-2660-KHV, 2010 WL 4024065, at *1 (D. Kan. Oct. 13, 2010).

[6]Doc. 80 ¶ 5.

form, Plaintiff may file a motion for leave to file a redacted motion and memorandum, attaching the proposed redacted documents, with an unredacted copy provided separately to the Court. If the Court grants leave to file the redacted motion and memorandum, the Clerk's office will then file the unredacted copy as a sealed attachment.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to File Under Seal (Doc. 112) is **granted in part and denied in part**. Plaintiff's motion to seal the attached Exhibits 1 and 2 to the motion to confirm sale is **granted**. Plaintiff's motion to confirm sale, report to the Court, request for hearing, and Exhibit 3 is **denied without prejudice** to refiling as explained in this order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Court Order to File Response Memorandum Under Seal (Doc. 113) is **denied without prejudice** to refiling as explained in this order.

**IT IS SO ORDERED.**

Dated: October 25, 2019

                                                   S/ Julie A. Robinson
                                                   JULIE A. ROBINSON
                                                   CHIEF UNITED STATES DISTRICT JUDGE