**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

DORAN LAW OFFICE,

    Plaintiff,

    v.

STONEHOUSE RENTALS, INC.,

    Defendant.

Case No. 2:14-2046-JAR-KGG

**MEMORANDUM AND ORDER**

The Court now considers Defendant Stonehouse Rental, Inc.'s Motion to Correct Post-Judgment Interest (Doc. 116) pursuant to Fed. R. Civ. P. 60(a). The motion is fully briefed and the Court is prepared to rule. For the reasons explained more fully below, Defendant's motion is granted.

**I.    Background**

The Court assumes the reader is familiar with the myriad proceedings before and orders entered by this Court that precipitate the matter before it, which are incorporated by reference herein. The Court will not restate the underlying facts in detail, but will provide excerpts from the record as needed to frame its discussion of the matter presently before it.

For well over five years, Patrick Doran, d/b/a Doran Law Office ("Doran"), has been pursuing his former client, Stonehouse Rentals, Inc. ("Stonehouse") for unpaid legal fees. Default judgment was entered against Stonehouse in the amount of $133,024.30, which included pre-judgment interest at the rate of 10% per annum through the date of judgment, June 10, 2014,

the legal interest rate in Kansas under K.S.A. § 60-210.[1] In connection with that filing, Doran sent an email to the Court enclosing a proposed judgment in Word format, based on the Civil Judgment Form AO 450, leaving the post-judgment rate blank.[2] Chambers staff copied the same 10% interest rate in the post-judgment interest space of the proposed judgment.

Defendant moved to set aside the entry of default judgment pursuant to Fed. R. Civ. P. 60(b) and after an evidentiary hearing, this Court denied Defendant's motion.[3] Specifically, the Court rejected Stonehouse's argument that it was entitled to relief because the judgment was void for lack of proper service or due to excusable neglect under Rule 60(b)(1), (4), and (6).[4] The Tenth Circuit Court of Appeals affirmed this Court's findings.[5]

Doran registered the judgment in various state courts and proceeded to execute on the judgment via Marshal's sales in Douglas County, Kansas. When Doran sought confirmation of the sale of property in Baldwin City, Kansas, where it made a credit bid on four properties owned by Stonehouse, this Court found that Doran's judgment had been partially satisfied when Doran received payments from third parties totalling $133,000.[6]

Doran subsequently renewed its motion to confirm Marshal's sale of the property and contends that it is entitled to 10% per annum in post-judgment interest, which totals nearly $60,000.[7] In response, Stonehouse seeks correction of the judgment to reflect that the proper

---

[1] Doc. 8.

[2] https://www.uscourts.gov/sites/default/files/ao450.pdf

[3] Doc. 19.

[4] *Id.* at 15–25.

[5] *Doran Law Office v. Stonehouse Rentals, Inc.*, 678 F. App'x 733 (10th Cir. 2017).

[6] Doc. 109.

[7] Doc. 119.

post-judgment rate of interest is that which is set forth in 28 U.S.C. § 1961, or 0.106%.[8] The Court now considers Stonehouse's motion.

## II.     Legal Standard

28 U.S.C. § 1961(a) provides:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges.

Section 1961 applies only to post-judgment interest, and not to pre-judgment interest.[9] Awarding post-judgment interest is mandatory.[10] In cases founded on diversity jurisdiction, the post-judgment interest rate on a federal judgment is established by federal law, not state law.[11]

Fed. R. Civ. P. 60(a) addresses certain types of clerical error and provides as follows:

> **Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

---

[8]The historical 1-Year treasury Constant Maturity Rates from the Board of Governors of the Federal Reserve are available on the Federal Reserve's website for download at the following location: https://www.federalreserve.gov/datadownload/Download.aspx?rel=H15&series=bf17364827e38702b42a58cf8eaa3f78&lastObs=&from=&to=&filetype=csv&label=include&layout=seriescolumn&type=package

[9]*Caldwell v. Life Ins. Co. of N. Am.*, 287 F.3d 1276, 1287 (10th Cir. 2002).

[10]*Bancamerica Commercial Corp. v. Mosher Steel of Kan., Inc.*, 103 F.3d 80, 81 (10th Cir. 1996).

[11]*See Youngs v. Am. Nutrition, Inc.*, 537 F.3d 1135, 1146 (10th Cir. 2008).

"Rule 60(a) may be relied on to correct what is erroneous because the thing spoken, written, or recorded is not what the person intended to speak, write, or record."[12] "Rule 60(a) may not be used to change something that was deliberately done, even though it was later discovered to be wrong."[13] A correction under Rule 60(a) should require no additional proof.[14]

Rule 60(a) does not limit the time within which the court may correct a judgment for such errors, and action in this regard may be taken "at any time."[15] A correction under Rule 60(a) is appropriate when a "flaw lies in the translation of the original meaning to the judgment."[16] The rule does not apply, however, to relief from substantive errors in judgment.[17] "In other words, Rule 60(a) does not allow the Court to substantively alter a judgment, but rather to make the judgment accurately reflect the underlying order(s)."[18] Thus, "in order for an error to be clerical, there must be some inconsistency between what was expressed during the proceedings and what the judgment reflects."[19]

## III. Discussion

In opposing correction of the judgment, Doran first suggests that the parties may have bargained for the 10% post-judgment rate. "[P]arties may contract to, and agree upon, a post-

---

[12]*McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989) (citing *Allied Materials Corp. v. Superior Prods. Co.*, 620 F.2d 224, 226 (10th Cir. 1980)).

[13]*United States ex rel. Belt Con Const., Inc. v. Metric Const., Inc.*, No. CIV02-1398 JB/LAM, 2010 WL 1405993, at *6 (D.N.M. Mar. 22, 2010) (citing *McNickle*, 888 F.2d at 682).

[14]*See, e.g., Trujillo v. Longhorn Mfg. Co.*, 694 F.2d 221, 226 (10th Cir. 1982).

[15]*Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc.*, 532 F.3d 1063, 1085 (10th Cir. 2008).

[16]*United States v. Griffin*, 782 F.2d 1393, 1396 (7th Cir. 1986).

[17]*Id.* at 1397.

[18]*In re Mascio*, No. 03-12994 HRT, 2014 WL 2621201, at *7 (Bankr. D. Colo. June 12, 2014).

[19]*United States v. Cotton*, 235 F. Supp. 2d 989, 990 (E.D. Wisc. 2002) (citing *Griffin*, 782 F.2d at 1396–97).

judgment interest [rate] other than that specified in § 1961."[20] "But to do so, they must specifically contract around the general rule that a cause of action reduced to judgment merges into the judgment and the contractual interest rate therefore disappears for post-judgment purposes."[21] "If parties want to override the general rule on merger and specify a post-judgment interest rate, they must express such intent through clear, unambiguous and unequivocal language."[22] No such agreement appears in the record before the Court. Instead, Doran points to language in the Complaint that Stonehouse had been advised in writing that "legal interest" was charged on unpaid bills. This language cuts against Doran's argument against awarding interest under § 1961—if the parties had bargained for the contract rate, there was no reason for Doran to leave a blank on the proposed judgment for the Court to fill in. Because there is no evidence that the parties contracted for a post-judgment rate percentage, the federal rate applies.

Accordingly, there is no real dispute that the post-judgment rate of 10% is an error. In its Motion for Clerk's Entry of Default Judgment, Doran sought pre-judgment interest at the Kansas statutory rate of 10% per annum, but made no such request for post-judgment interest, leaving the rate blank for the Court to complete. It is apparent that something went wrong when the clerk filled in the blank for post-judgment interest. Thus, the dispute before the Court turns on whether the error is best characterized as a "clerical mistake or a mistake arising from oversight or omission" that may be corrected under Rule 60(a) at any time or as a "mistake or inadvertence" that may be corrected under Rule 60(b)(1) on motion filed within one year.

---

[20] *Soc'y of Lloyd's v. Reinhart*, 402 F.3d 982, 1004 (10th Cir. 2005).

[21] *See id.*

[22] *Id.* (quotation omitted).

Here, there was no discretion in the mandatory award of post-judgment interest and Doran left a blank for the insertion of the federal rate. This rate is posted weekly on the District of Kansas website and parties routinely submit judgments with the post-judgment interest rate to be filled in accordingly, depending on the date the judgment is entered.[23] As a result, the entry of the 10% post-judgment interest rate clearly was not intended by Doran and was an error caused by clerical mistake and oversight. The federal rate on June 10, 2014, was 0.106% per annum. This Court intended to award the proper amount, but due to a "blunder in execution," staff inserted the pre-judgment rate of 10% per annum—the clerk who filled in 10% in the blank for post-judgment interest was "sleepwalking."[24] Consistent with Tenth Circuit precedent, such a clerical error may be corrected under Rule 60(a) to reflect the accurate post-judgment rate.[25]

Doran further argues that Stonehouse's previous motion to set aside default judgment did not raise the issue of post-judgment interest, thus barring his argument at this time. That motion was brought under Rule 60(b), however, and clerical mistakes in judgments like the one in this case may be corrected by the Court at any time, "whenever one is found in a judgment, order, or other part of the record."[26] Moreover, Rule 60(a) permits the district court to correct a clerical error after the judgment is affirmed on appeal.[27]

---

[23]*See* http://ksd.uscourts.gov/

[24]*United States v. Griffin*, 782 F.2d 1393, 1397 (7th Cir. 1986).

[25]*See Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc.*, 532 F.3d 1063, 1085 (10th Cir. 2008); *United States ex rel. Belt Con Constr., Inc. v. Metric Constr., Inc.*, No. CIV02-1398 JM/LAM, 2010 WL 1405993, at *8, 11 (D.N.M. Mar. 22, 2010) (applying *Morrison Knudsen*); *see also United States v. Griffin*, 782 F.2d 1393, 1396–98 (7th Cir. 1986) (collecting cases).

[26]Fed. R. Civ. P. 60(a); *Morrison Knudsen*, 532 F.3d at 1085 (explaining clerical mistakes in judgments may be corrected by the court at any time) (citing *McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 681–82 (10th Cir. 1989)).

[27]*See Sartin v. McNair Law Firm PA*, 756 F.3d 259, 268 (4th Cir. 2014) ("[Rule 60(a)] would lose much of its vitality if it were not available to correct mistakes in final judgments, and nothing in the language of the Rule suggests such a limitation.") (citing *United States v. Mansion House Ctr. N. Redev. Co.*, 855 F.2d 524, 527 (8th Cir.

Finally, while the Court's correction of the post-judgment interest rate has a significant effect on Doran's amount of recovery, Rule 60(a) applies to all clerical errors. The Court's order will require Doran to calculate a new accounting of the balance remaining in light of the 0.106% post-judgment rate.[28] While this correction will benefit Stonehouse, it bears noting that Doran, as both Plaintiff and an officer of the Court, has been on notice of the erroneous rate of interest for over five years, as reflected in his sustained efforts to collect on his fee. Because the judgment has yet to be fully satisfied, even with the corrected rate of interest, Doran will not have to return any amount paid in satisfaction of the judgment. Instead, correction of the post-judgment interest rate has the effect of correcting a clerical mistake that would result in a substantial windfall to Doran.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Stonehouse Rental, Inc.'s Motion to Correct Post Judgment Interest (Doc. 116) is GRANTED. A corrected judgment pursuant to Fed. R. Civ. P. 60(a) shall enter in favor of Plaintiff Doran Law Office awarding Plaintiff post-judgment interest at the rate of 0.106% per annum calculated from June 10, 2014.

**IT IS SO ORDERED.**

Dated: February 11, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

1988)). The Court notes that Stonehouse has been represented by at least four lawyers over the course of these proceedings.

[28]*See* Doc. 119, Exs. 1, 2 (calculating post-judgment interest at $58,421.26).