## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DORAN LAW OFFICE,

      Plaintiff,

      v.

STONEHOUSE RENTALS, INC.,

      Defendant.

      Filed Under Seal
      Case No. 2:14-2046-JAR-KGG

## MEMORANDUM AND ORDER

The Court now considers Defendant Stonehouse Rentals, Inc.'s Motion for Attorney's Fees (Doc. 110). The motion is fully briefed and the Court is prepared to rule. For the reasons explained more fully below, Defendant's motion is denied.

## I.    Background

The Court assumes the reader is familiar with the myriad proceedings before and orders entered by this Court that precipitate the matter before it, which are incorporated by reference herein. The Court will not restate the underlying facts in detail, but will provide excerpts from the record as needed to frame its discussion of the matter presently before it.

For well over five years, Patrick Doran, d/b/a Doran Law Office ("Doran"), has been pursuing his former client, Stonehouse Rentals, Inc. ("Stonehouse") for unpaid legal fees. Default judgment was entered against Stonehouse in the amount of $133,024.30, which included pre-judgment interest at the rate of 10% per annum through the date of judgment, June 10, 2014, the legal interest rate in Kansas under K.S.A. § 60-210.[1] In connection with that filing, Doran

_____

[1]Doc. 8.

sent an email to the Court enclosing a proposed judgment in Word format, based on the Civil

Judgment Form AO 450, leaving the post-judgment interest rate blank.  Chambers staff

inadvertently copied the same 10% interest rate in the post-judgment interest space of the

proposed judgment.

 Stonehouse moved to set aside the entry of default judgment pursuant to Fed. R. Civ. P.

60(b) and after an evidentiary hearing, this Court denied Stonehouse's motion.[2]  Specifically, the

Court rejected Stonehouse's argument that it was entitled to relief because the judgment was

void for lack of proper service or due to excusable neglect under Rule 60(b)(1), (4), and (6).[3]

The Tenth Circuit Court of Appeals affirmed this Court's findings.[4]

Doran registered the judgment in various state courts and proceeded to execute on the

judgment via U.S. Marshal's sales in Douglas County, Kansas.  On November 12, 2018, Doran

sought confirmation of the sale of property in Baldwin City, Kansas where it made a credit bid

on four properties owned by Stonehouse.[5]  Stonehouse objected to confirmation of the sale on

December 21, 2018, and the matter was set for hearing.[6]  After counsel for Stonehouse withdrew,

the hearing was continued to January 28, 2019.[7]

On January 9, 2019, Steven Mustoe entered an appearance on behalf of Stonehouse.[8]  On

January 11, 2019, Stonehouse sent Doran an email setting out payments Doran had allegedly

received from third parties in the amount of $150,000 related to two sales of real estate owned by

---

[2]Doc. 19.

[3]*Id.* at 15–25.

[4]*Doran Law Office v. Stonehouse Rentals, Inc.*, 678 F. App'x 733 (10th Cir. 2017).

[5]Doc. 69.

[6]Doc. 73.

[7]Docs. 76, 77.

[8]Doc. 78.

Stonehouse and requesting that Doran "withdraw or continue your motion to confirm the sale

and enter into negotiations to determine the true amount of the unsatisfied judgment at the time

of the sale."[9]  Counsel for Stonehouse stated that if Doran refused to do so, he would "have no

choice but to file pleadings indicating you have failed to acknowledge partial satisfaction of this

judgment," and demanded that Doran provide evidence of payment received, including from any

third parties.[10]  Doran responded on January 16, 2019, and disputed the obligation to credit the

judgment because the payments were made by third-party joint tortfeasors.[11]

The parties subsequently notified the Court that they wished to cancel the hearing on the

motion to confirm sale and, on February 20, 2019, instead filed a Stipulation outlining their

dispute over whether the third-party payments to Doran should be credited against the judgment

and stating that the controversy and legal issue required a judicial determination that needed to

be resolved prior to a confirmation of the Marshal's sale.[12]  The parties submitted briefs and the

matter was referred to Magistrate Judge Kenneth Gale, who entered a Report and

Recommendation on July 31, 2019, holding that Doran's judgment had been partially satisfied

when Doran received payments from third parties totalling $133,000.[13]

On August 2, 2019, Stonehouse sent a letter to Doran via restricted mail and email

demanding that Doran file a satisfaction and release of the judgment in the amount of $133,000

for two payments made by third parties.[14]  Stonehouse demanded this release be filed within

---

[9]Doc. 111-1.

[10]*Id.*

[11]Doc. 111-2.

[12]Doc. 81.

[13]Doc. 98.

[14]Doc. 111-3.

twenty-one days, as required by K.S.A. § 60-2803(a).  Stonehouse represented that if Doran refused, it would seek to enforce such satisfaction and release of judgment and would be entitled to damages and attorney's fees under the statute.[15]

Meanwhile, on August 14, 2019, Doran timely moved for review of Judge Gale's order, which this Court overruled on September 26, 2019.[16]  The Court adopted Judge Gale's Report and Recommendation and further held that Doran could renew his motion to confirm sale once the parties conferred on the accounting and balance remaining on the judgment.[17]  Stonehouse then moved for attorney's fees pursuant to K.S.A. § 60-2803(b) based on Doran's failure to file a satisfaction and release of judgment as requested.[18]

Doran subsequently renewed its motion to confirm the Marshal's sale of the property, arguing that it was entitled to 10% per annum in post-judgment interest, which totalled nearly $60,000.[19]  In response, Stonehouse sought correction of the judgment to reflect that the proper post-judgment rate of interest is that which is set forth in 28 U.S.C. § 1961, or 0.106%.  The Court agreed with Stonehouse and a corrected judgment was entered on February 12, 2020.[20]  On March 2, 2020, the parties notified the Court that they agreed the remaining balance on the judgment was $1,135.05.[21]  Doran filed a satisfaction of judgment in full on March 25, 2020.[22]

---

[15]*Id.*

[16]Doc. 109.

[17]*Id.*

[18]Doc. 110.

[19]Doc. 119.

[20]Doc. 126.

[21]Doc. 127.

[22]Doc. 128.

**II.      Discussion**

Kansas law permits prevailing parties to recover their attorney's fees only if a statute or

contract specifically authorizes such recovery.[23]  Stonehouse requests that Doran be ordered to

pay $100 and its reasonable attorney's fees from February 7, 2019 onward—$23,579.95—

because 1) Doran had sufficient notice of Stonehouse's demand on January 16, 2019; or 2)

K.S.A. § 60-2803(b) allows for recovery of all fees related to enforcing the filing of a

satisfaction of judgment, including those from before notice via restricted mail.  Alternatively,

Stonehouse requests attorney's fees from August 24, 2019 onward—$7,232.00— because notice

under the statute was given no later than August 2, 2019.

K.S.A. § 60-2803 states in relevant part:

> **Satisfaction and release of judgment; filing, when required.**
>
> (a) When a money judgment rendered in a civil action in a court of
> this state is satisfied, the judgment creditor or the assignee of the
> judgment creditor shall file satisfaction and release of judgment
> within 21 days after receipt of written demand therefor, sent by
> restricted mail as defined by K.S.A. 60-103, and amendments
> thereto. . . .
>
> (b) If a judgment creditor or the assignee of a judgment creditor
> refuses or neglects to enter satisfaction and release of a judgment
> when required by this section, such judgment creditor or assignee
> shall be liable to the judgment debtor, or other interested person
> demanding the satisfaction or release, in damages in the amount of
> $100, together with a reasonable attorney's fee for preparing and
> prosecuting the action to recover such damages.

This statute specifically requires "satisfaction and release of the judgment" to be filed

when a money judgment is satisfied.  Here, Doran's judgment was not satisfied until March 2,

2020.  In response to Stonehouse's initial request for negotiations on the judgment amount,

---

[23]*T.S.I. Holdings, Inc. v. Jenkins*, 924 P.2d 1239, 1254 (Kan. 1996).

Doran disputed that it was required to credit payments by the third parties.  After Mr. Mustoe

entered an appearance, the parties submitted the disputed issue of a credit on the judgment to the

Court for determination by way of stipulation.  Judge Gale determined a credit in the amount of

$133,000 was appropriate and this Court adopted those findings over Doran's objection.

Significantly, at that time there remained a balance on the judgment of approximately $60,000,

based on the original award of post-judgment interest in the amount of 10%.  That amount was

subsequently reduced to $1,135.05 after Stonehouse successfully moved to correct the judgment

to reflect the correct post-judgment interest rate.  After the parties conferred on the resulting

corrected judgment balance, Stonehouse paid the judgment in full and Doran filed a satisfaction

of judgment as required.

Because a disputed balance remained on the judgment at the time Stonehouse made its

demand in August 2019, the Court concludes that the judgment was not satisfied and Stonehouse

is not entitled to attorney's fees under § 60-2803.  Stonehouse does not cite, nor did the Court

uncover, any case law requiring a judgment creditor to file a "satisfaction and release of the

judgment" under § 60-2803 when the judgment has not been satisfied in full.[24]  Moreover, the

fees requested appear to be related to the legal issue submitted to the Court and are thus for work

performed to obtain credit on or correct the judgment, rather than to obtain "a satisfaction and

release of the judgment" under § 60-2803.  Accordingly, the fees requested are not derived from

a statutory right to "satisfaction and release of the judgment" because the Court determined that,

even with the $133,000 credit, a balance remained on the judgment.  It was not until this Court

---

[24]*See Rajala v. Gardner*, 709 F.3d 1031, 1038 (10th Cir. 2013) (explaining the tools of statutory construction include giving the text of the statute its plain meaning unless it "will produce a result demonstrably at odds with the intention of its drafters.") (quoting *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242 (1989)).

entered a corrected judgment that the accurate balance could be calculated, at which time Stonehouse promptly satisfied the judgment and Doran promptly filed a satisfaction of judgment in full.  Stonehouse's request for attorney's fees under these circumstances is not appropriate under the plain language of § 60-2803.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Stonehouse Rentals, Inc.'s Motion for Attorney's Fees (Doc. 110) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff Doran Law Office's Renewed Motion for Order Confirming Marshal's Sale (Doc. 119) is **denied as moot**.

**IT IS SO ORDERED.**

Dated: <u>April 9, 2020</u>

                      S/ Julie A. Robinson
                     JULIE A. ROBINSON
                     CHIEF UNITED STATES DISTRICT JUDGE